UNITED STATES COURT OF APPEALS
**Filed 4/9/96**                                    TENTH CIRCUIT

---

JAHAD ALI,                                        )
                                                  )
    Plaintiff,                )
                                                  )
and                                               )
                                                  )
AKEEN ABDUL MAKIN,                                )
                                                  )
    Plaintiff-Appellant,      )
                                                  )
v.                                                )    No. 95-1462
                                                  ) (D.C. No. 94-S-1029)
DENVER RECEPTION AND DIAGNOSTIC                   )    (D. Colo.)
CENTER, LIMON CORRECTIONAL                        )
FACILITY, FREMONT CORRECTIONAL                    )
FACILITY, CENTENNIAL CORRECTIONAL)
FACILITY, COLORADO DEPARTMENT OF )
CORRECTIONS, LARRY RICE, ROBERT                   )
FURLONG, LARRY IMBREY, FRANK                      )
MILLER, ARISTEDES W. ZAVARAS,                     )
GEORGE SULLIVAN, FRAN TOOTHAKER                   )
JACK LAUGHLIN, JOHN PERKO, JERRY                  )
GASKO, H.B. JOHNSON, JOHN HADLEY                  )
BILL PRICE, ROBERT HUEBNER, FRANK                 )
O. GUNTER, individually and in their official     )
capacities,                                       )
                                                  )
    Defendants-Appellees.     )

---

ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

_____

Plaintiff Akeen Abdul Makin, appearing pro se, appeals the district court's entry of summary judgment in his 42 U.S.C. § 1983 action.[1] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff, a prison inmate in the custody of the Colorado Department of Corrections ("DOC"), is Muslim. Orthodox Muslims do not eat pork and follow the Halal diet. The Halal diet requires special slaughtering methods and meat preparation techniques. Plaintiff wants to adhere to the Halal diet. The DOC does not provide the Halal diet, but does offer inmates several dietary alternatives, including a pork-free diet, a vegetarian diet, a lacto-ovo-pesco diet, and an ovo-pesco diet. The DOC clearly identifies menu items that contain pork or pork-byproducts. The pork-free diet includes non-Halal beef and chicken.

On September 6, 1994, Plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983 against Defendants for alleged First, Eighth, and Fourteenth Amendment violations arising from Defendants' refusal to provide Plaintiff with a Halal diet. Plaintiff also claimed that Defendants' failure to offer a Halal diet violated the Religious Freedom

_____

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

[1] We grant Plaintiff's motion to proceed in forma pauperis.

2

Restoration Act of 1993, 42 U.S.C. §§ 2000bb to 2000bb-4 (Supp. V. 1993) ("the Act"). Plaintiff sought monetary, declaratory, and injunctive relief from Defendants in their individual and official capacities.

Defendants moved for summary judgment, and attached affidavits in support of their motion. Plaintiff filed a response, but did not attach supporting affidavits. On September 15, 1995, the district court entered summary judgment against Plaintiff on all claims. The district court ruled: (1) Plaintiff failed to establish that Defendants acted with deliberate indifference to Plaintiff's dietary needs in violation of the Eighth Amendment; (2) Plaintiff failed to adduce any evidence in support of his equal protection claim;[2] (3) Defendants were entitled to qualified immunity because the law was not clearly established that Plaintiff had a constitutional or statutory right to the Halal diet; (4) the Eleventh Amendment barred Plaintiff's damages claims against the state Defendants; (5) Plaintiff failed to provide evidence that the individual Defendants personally denied Plaintiff's constitutional or statutory rights; and (6) Plaintiff failed to demonstrate a substantial interference with his right of free exercise of religion in support of his claims under the First Amendment and the Act. Plaintiff appealed.

On appeal, Plaintiff contends the district court erred in entering summary judgment against them. Plaintiff argues that the district court erred by: (1) failing to grant a

---

[2]     Indeed, the record reflects that the DOC provides pork-free and meat-free diets to all inmates, and that no inmates received special meat-based diets.

preliminary injunction in favor of Plaintiff; (2) entering summary judgment when there were disputed issues of material fact regarding whether Defendants supply Plaintiff with a Halal diet; (3) concluding that Plaintiff failed to demonstrate a substantial interference with the free exercise of his Islamic religious beliefs; (4) entering summary judgment on his equal protection claim; (5) entering summary judgment on Plaintiff's Eighth Amendment claim; and (6) concluding that Defendants did not individually deny Plaintiff constitutional or statutory rights.

Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We review a summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. Ball v. Renner, 54 F.3d 665 (10th Cir. 1995). Upon careful consideration of the record, the briefs of the parties, the pleadings, the district court's order, and the applicable law, we affirm for substantially the reasons stated in the district court's order.

AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge